1

2

3

4

5

6                      UNITED STATES DISTRICT COURT

7                            DISTRICT OF NEVADA

8                                            * * *
                                               )
9    LA TANYA DAVIS,                           )
                                               )
10              Plaintiff,                      )          2:08-CV-01360-LRH-GWF
                                               )
11   v.                                        )
                                               )          ORDER
12   CENTEX HOMES, a Nevada Partnership;        )
     CENTEX REAL ESTATE CORPORATION,           )
13   a Nevada Corporation; CENTEX              )
     CORPORATION, a Nevada Corporation;        )
14   CENTEX HOMES, INC., a Texas               )
     Corporation; KELLY TREIDER, an            )
15   individual,                               )
                                               )
16              Defendants.                     )
     _____ )
17

18        Presently before the court is Defendants Centex Real Estate Corporation, Centex

19   Corporation, and Centex Homes, Inc.'s (collectively "Corporate Defendants") Motion to Dismiss,

20   Alternatively Motion for Summary Judgment  (#25[1]).  Plaintiff La Tanya Davis has filed an

21   opposition (#29) to which Corporate Defendants replied (#32).

22   **I.    Facts and Procedural History**

23        This is an employment discrimination dispute arising out of Plaintiff's employment with

24   Defendant Centex Homes.  Plaintiff commenced the action on October 7, 2008, alleging against

25

26
     _____
             [1] Refers to the court's docket entry number.

1  Corporate Defendants and Defendant Centex Homes violations of Title VII of the Civil Rights Act

2  of 1964.

3       On November 14, 2008, Corporate Defendants filed the motion now before the court.

4  Approximately one month later, on December 10, 2008, pursuant to Federal Rule of Civil

5  Procedure 26(f), the parties held a discovery conference, and on December 16, 2008, the parties

6  submitted their joint discovery plan and scheduling order.

7  **II.    Discussion**

8       Corporate Defendants bring the present motion pursuant to Federal Rule of Civil Procedure

9  12(b)(6) for failure to state a claim upon which relief can be granted.  In the alternative, Corporate

10  Defendants seek summary judgment pursuant to Federal Rule of Civil Procedure 56.  Typically, a

11  court's inquiry on a motion to dismiss is limited to the pleadings.  *Lee v. City of Los Angeles*, 250

12  F.3d 668, 688 (9th Cir. 2001).  The court will convert a motion to dismiss into a motion for

13  summary judgment if the parties submit matters outside the pleadings and the court relies on the

14  material in making its decision.  *North Star Int'l v. Arizona Corp. Comm'n*, 720 F.2d 578, 582 (9th

15  Cir. 1983); Fed. R. Civ. P. 12(d).  Here, as the parties have presented evidence outside of the record

16  upon which the court must rely in ruling on the motion, the court will construe the motion to

17  dismiss as a motion for summary judgment.

18       In the complaint, Plaintiff alleges the following claims against Corporate Defendants for

19  violations of Title VII of the Civil Rights Act of 1964: (1) quid pro quo sexual harassment; (2)

20  retaliation; and (3) sexual and racial discrimination.  In the motion for summary judgment,

21  Corporate Defendants seek dismissal of all claims asserted against them, arguing that only

22  Defendant Centex Homes can be liable under Title VII, as Centex Homes was the only named

23  defendant that employed Plaintiff.

24       Plaintiff does not dispute that under Title VII, only "employers" may be held liable for

25  harassment and discrimination in the workplace.  Instead, Plaintiff asks the court to deny or delay

26
                                                      2

1   ruling on the motion for summary judgment until Plaintiff has had the opportunity to conduct

2   discovery to determine whether the Corporate Defendants and Centex Homes are actually a single

3   entity for purposes of Title VII liability.

4      Federal Rule of Civil Procedure 56(f) provides, "If a party opposing the motion [for

5   summary judgment] shows by affidavit that, for specified reasons, it cannot present facts essential

6   to justify its opposition, the court may: (1) deny the motion; (2) order a continuance to enable

7   affidavits to be obtained, depositions to be taken, or other discovery to be undertaken; or (3) issue

8   any other just order." Fed. R. Civ. P. 56(f). "The purpose of subdivision (f) is to provide an

9   additional safeguard against an improvident or premature grant of summary judgment . . . ." 10B

10  Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 2470 (3d. ed. 1998).

11     To warrant a denial or a delay in judgment pursuant to Rule 56(f), the requesting party must

12  show (1) it has set forth in affidavit form the specific facts it hopes to elicit from further discovery,

13  (2) the facts sought exist, and (3) the sought-after facts are essential to oppose summary judgment.

14  *Family Home & Fin. Ctr., Inc. v. Fed. Home Loan Mortg. Corp.*, 525 F.3d 822, 827 (9th Cir.

15  2008). "Where . . . a summary judgment motion is filed so early in the litigation, before a party has

16  had any realistic opportunity to pursue discovery relating to its theory of the case, district courts

17  should grant and Rule 56(f) motion fairly freely." *Burlington N. Santa. Fe. R.R. v. Assiniboine &*

18  *Sioux Tribes of the Fort Peck Reservation, Montana*, 323 F.3d 767, 773 (9th Cir. 2003) (citations

19  omitted). However, summary judgment will not be delayed where the facts sought appear

20  irrelevant, cumulative, or futile. *See Vote v. United States*, 753 F. Supp. 866, 869 (D. Nev. 1990);

21  *Burlington N. Santa. Fe. R.R.*, 323 F.3d at 774.

22     Here, Plaintiff has made the showing necessary to delay a final ruling on summary

23  judgment. First, in an affidavit, Plaintiff's counsel has indicated that he intends to request the

24  articles of incorporation, by-laws, board meeting minutes, books, records, and accounts of each

25  entity and to take the depositions of various officers and employees of the entities to help him

26

1    determine whether the entities are in fact a single, integrated enterprise.

2         Further, the sought-after facts exist and are relevant to the motion for summary judgment.

3    As noted, Corporate Defendants seek dismissal of all claims against them on the grounds that they

4    did not employ Plaintiff.  Although only "employers" are liable under Title VII,[2] a direct

5    employment relationship between the plaintiff employee and the defendant "employer" is not

6    necessary.  *See, e.g., Anderson v. Pac. Maritime Assoc.*, 336 F.3d 924 (9th Cir. 2003).  At this time,

7    the extent of the relationship between Defendant Centex Homes and Corporate Defendants is not

8    clear.  The information Plaintiff intends to seek through discovery will give Plaintiff and the court a

9    clearer picture of Corporate Defendants' role in the operations and employment practices of Centex

10   Homes.[3]

11        Finally, as discovery had not commenced when Corporate Defendants filed the motion for

12   summary judgment, a grant of summary judgment based on the current filings would be premature.

13   Indeed, the granting of summary judgment may be error when discovery is not yet completed.

14   *Garrett v. City & County of San Francisco*, 818 F.2d 1515, 1518 (9th Cir. 1987).

15        For the foregoing reasons, Corporate Defendants' Motion for Summary Judgment (#25) is

16   denied without prejudice.  The court refers this case back to the Magistrate Judge for an additional

17   ///

18

19        [2] Title VII defines an "employer" as "a person engaged in an industry affecting commerce who has
     fifteen or more employees for each working day in each of twenty or more calendar weeks in the current or
20   proceeding calendar year, and any agent of such person . . . .").  42 U.S.C. § 2000e(b).

21        [3] The parties appear to assume that the court should apply the "integrated enterprise" test to determine
     whether Corporate Defendants and Defendant Centex Homes are a single entity for Title VII purposes.
22   However, this test "does not determine joint liability . . . but instead determines whether a defendant can meet
     the statutory criteria of an 'employer' for Title VII applicability." *Anderson*, 336 F.3d at 928.  Pursuant to the
23   integrated enterprise test, if Defendant Centex Homes has fewer than fifteen employees, Plaintiff may attempt
     to assert a Title VII claim against Corporate Defendants. *See id.* at 929.  At this time, it is not clear whether
24   Defendant Centex Homes has fifteen or more employees, qualifying it as an "employer" for Title VII purposes.
     Accordingly, it is likewise not clear that the "integrated enterprise" test is the appropriate test to apply in this
25   case.

26
                                              4

1  scheduling conference to establish deadlines for discovery and the filing of future motions for

2  summary judgment.

3        IT IS THEREFORE ORDERED that Corporate Defendants' Motion for Summary Judgment

4  (#25) is hereby DENIED without prejudice.

5        IT IS SO ORDERED.

6        DATED this 20th day of April, 2009.

7

8                              _____

9                              LARRY R. HICKS
                            UNITED STATES DISTRICT JUDGE

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

5